IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | NO. 3:24-CV-271-DMB-RP |
| ANTIONETTE JONES | DEFENDANT |

## ORDER

On September 4, 2024, the United States of America filed a complaint against Antionette Jones in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon … Jones' receipt of Paycheck Protection Program funds ('PPP') to which she was not entitled." Doc. #1 at PageID 1. The complaint alleged that based on Jones' misrepresentations, Jones received a total of $41,666.00 in PPP loan proceeds, for which the Small Business Administration ("SBA") paid a total of $5,000.00 in processing fees to the financial institutions involved,[1] and based on Jones' false representations, the SBA forgave the loans. *Id.* at PageID 6–7. On January 16, 2025, the Clerk of the Court entered a default against Jones on the United States' motion. Docs. #4, #5. On February 5, 2025, following the United States' January 27 motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), the Clerk of the Court entered a default judgment against Jones "in the amount of $140,277.78, plus interest on the judgment at the legal rate until the judgment is satisfied, and a separate filing fee of $405.00." Docs. #6, #8.

Six days later, the parties jointly moved for the entry of an amended judgment against

---

[1] The complaint alleged that Jones received two PPP loans, each in the amount of $20,833.00. Doc. #1 at PageID 6.

Jones[2] "on the terms provided in the proposed [consent judgment]." Doc. #9 at PageID 32. As cause, the joint motion represents that "[f]ollowing entry of the Default Judgment, counsel for the United States and … Jones spoke and agreed to a reduction of the judgment from $140,277.78 to $46,759.26." *Id*. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Jones who appears pro se. *Id.*

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court reviewed the proposed consent judgment—which requires Jones to pay $46,759.26 plus interest and a $405.00 filing fee—and concludes that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the parties' joint motion to amend [9] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 13th day of February, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."